J-S49031-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| RICHARD MCCRACKEN | |
| Appellant | No. 1782 WDA 2016 |

Appeal from the PCRA Order October 20, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s):  CP-02-CR-0008518-2011

BEFORE: DUBOW, SOLANO, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:  FILED: September 15, 2017

Appellant, Richard McCracken, appeals from the order entered in the Allegheny County Court of Common Pleas denying his first Post Conviction Relief Act[1] ("PCRA") petition.  Appellant alleges various claims regarding trial counsel's ineffectiveness.  We affirm.

We adopt the facts and procedural history set forth by the PCRA court's opinion.[2]  ***See*** PCRA Ct. Op., 1/12/17, at 1-3.  Appellant raises the following issues for review:

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] We note the PCRA court's opinion states that Appellant was sentenced to two-and-one-half to six years' imprisonment for unlawful contact with a minor.  ***See*** PCRA Ct. Op. at 2.  However, Appellant was actually sentenced to two-and-one-half to **five** years' imprisonment on this charge.

1. Was trial counsel ineffective for not objecting to the improper inflammatory and prejudicial statement during Commonwealth's closing argument:

[Victim] was failed by her whole maternal family. She needs you. You are all she has to stand up for her and for what [Appellant] did to her[.]

2. Was trial counsel ineffective when he cross-examined Commonwealth expert witness Dr. Jennifer Wolford and opened the door to testimony that a hymen can regrow itself[?] This testimony was extremely prejudicial to [Appellant's] defense and there was no trial strategy to engage in said cross-examination.

3. Was trial counsel ineffective when he did not challenge Dr. Wolford's testimony that 90% of the exams of sexual abuse victims are "normal" in several regards (a) where did those statistics come from (b) what does normal entail (c) of the 90% normal examinations, how many entail the regrowth/rehealing of the hymen[?]

4. Was trial counsel ineffective when he did not challenge Dr. Wolford on the basis/source of her opinion [regarding] the regrowth of the hymen, whether that opinion was generally accepted in the medical community, whether there were any other experts, treatises or professional publications that supported her position[?]

5. Was [t]rial [c]ounsel ineffective for failing to present expert testimony specifically that of Dr. Stephen Guertin, on behalf of [Appellant], to rebut the testimony of Commonwealth witness Dr[.] Jennifer Wolford?

6 Did the [PCRA] court have enough information from the certified record that enabled the court to write a 17 page opinion in the case[?]

Appellant's Brief at 3-4 (citation to record omitted).

After a thorough review of the record, the briefs of the parties, the applicable law, and the well-reasoned opinion of the Honorable Donna Jo McDaniel, we conclude the PCRA court's opinion comprehensively discusses

and properly disposes of the issues presented.[3]  *See* PCRA Ct. Op. at 4-17.

Accordingly, we affirm on the basis of the PCRA court's opinion.

> Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/15/2017

---

[3] The PCRA court's opinion does not address Appellant's sixth and final issue, which alleges that the PCRA court erred in finding Appellant's fifth issue waived.  However, in its opinion, the PCRA court concluded that, even if not waived, Appellant's fifth issue is meritless.  *See* PCRA Ct. Op. at 16-17. Therefore, any challenge to the PCRA court finding waiver of Appellant's fifth issue is moot.